JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Frances Roberson pleaded guilty to three counts of theft and one count of forgery. The trial court accepted her plea and sentenced her to serve ten months in prison on each of the convictions. The trial court further ordered that the sentences for two of the theft counts be served concurrently, and that the sentences for the remaining theft count and the forgery count also be served concurrently. It then ordered that the two sets of sentences be served consecutively.
In her sole assignment of error, Roberson contends that the trial court erred by sentencing her to prison instead of imposing a community-control sanction and by ordering her to serve consecutive sentences. We have reviewed the record, including the felony-sentencing worksheet, and we conclude that the trial court complied with the pertinent felony-sentencing statutes.
In order to impose a prison sentence for a fifth-degree felony, the trial court must determine that (1) one of the factors set forth in R.C. 2929.13(B)(1)(a) through (h) applies; (2) a prison term is consistent with the principles and purposes of sentencing as explained in R.C. 2929.11, after considering the R.C. 2929.12
recidivism and seriousness factors; and (3) the offender is not amenable to community control-sanctions.[1] In this case, the trial court made the requisite findings. Roberson had previously served two prison terms.[2] Because she had numerous prior convictions, unsuccessful probations, and unacknowledged substance-abuse problems, recidivism was likely and a prison term was consistent with the principles and purposes of sentencing.[3] The court also found, based on the record, that Roberson was not amenable to community control sanctions. We find no error in the trial court's decision to impose a prison sentence rather than a community-control sanction.
As to Roberson's argument that the trial court's imposition of consecutive sentences was erroneous, we must determine whether the trial court followed the requirements of R.C.2929.14(E)(4).[4] The statute requires that, before imposing consecutive sentences, the trial court find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public; and, as pertinent to this case, (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future harm by the offender. Having reviewed the record, we conclude that the trial court considered the appropriate statutory factors before imposing consecutive sentences. Thus, we conclude that the trial court did not err by ordering Roberson to serve consecutive sentences.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and PAINTER, JJ.
[1] See R.C. 2929.13(B).
[2] See R.C. 2929.13(B)(g).
[3] See R.C. 2929.12; R.C. 2929.11.
[4] We note that the sentencing worksheet erroneously reflects that R.C. 2929.14(E)(3) is the section to be considered for the imposition of consecutive sentences. The relevant section is R.C.2929.14(E)(4). See State v. Williams (Jan. 29, 1999), Hamilton App. No. C-980356, unreported, fn. 1.